IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GRIFFIN INDUSTRIES, INC.                                                                                          PLAINTIFF

VS.                                                                             CIVIL ACTION NO. 3:09CV576 TSL-FKB

MISSISSIPPI POULTRY CORPORATION                                                                      DEFENDANTS
F/K/B FD FOODS, INC., FD FOODS, INC. AND
JOHN DOES 1 THROUGH 10.

REPORT AND RECOMMENDATION

An order of referral having been entered on August 4, 2010, Plaintiff Griffin Industries, Inc.'s Motion to Strike the Answer of Defendant Mississippi Poultry Corporation (Docket No. 36), filed pursuant to Rule 37(d) is now before the undersigned.  Defendant opposes the motion, and the undersigned having reviewed the parties' submissions, concludes that the motion should be granted to the extent that defendant should be required to pay Plaintiff's attorneys' fees incurred by the filing of the present motion.

By its motion, Plaintiff takes the position that Mississippi Poultry's answer should be stricken and default judgment entered in its favor based on defendant's failure to comply with the court's July 6, 2010 order, which granted, in part, Plaintiff's motion to compel.  In particular, Plaintiff points out that, at a June 9, 2010 conference, the undersigned entered an order allowing Robert Ogletree to withdraw as counsel for Mississippi Poultry.  The June 9 order further required that substitute counsel for Mississippi Poultry to enter an appearance before July 9, 2010, or the court would consider whether its answer should be stricken.  Significantly, on July 6, 2010, three days before the deadline for new counsel to appear on behalf of Mississippi Poultry, the court entered an order granting, in part, plaintiff's motion to compel, which had been

1

filed in March.  Cognizant that Mississippi Poultry was temporarily without counsel, the July 6 order required that, within fourteen days of his entry of appearance, Defendant's new counsel serve Plaintiff with its supplemental interrogatory and request for production responses and that within seven days of his entry of appearance, Defendant's new counsel confer with Plaintiff's counsel to arrange a mutually agreeable time and place for the inspection of documents.  On July 9, 2010, former counsel Robert Ogletree again appeared on behalf of Mississippi Poultry. Plaintiff maintains that Defendant made no attempt to comply with the July 6 order.   Plaintiff urges that its motion is due to be granted based on Defendant's failure to comply with the July 6 order.  By its response to the motion to strike, Mississippi Poultry points out that the court granted its August 18, 2010 motion for an extension of time within which to comply with the deadlines set out in the July 6 order and that it has made efforts to comply with the new deadlines.  It further takes the position that its efforts to amicably resolve the discovery disputes have been hampered by the fact that there are language barriers between counsel and the client.

      The Federal Rules of Civil Procedure provide for sanctions against a party who fails to comply with a court's discovery orders.   Rule 37(b)(2)(A), provides, in pertinent part, that:

> [i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, [including] ... striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ....

Per Rule 37 (b)(2) (C), "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified."

Here, while the court is not persuaded that the drastic sanction of default judgment is warranted, see United States v. 49,000 Currency, 330 F.3d 371, 376 (5th Cir.2003) (to grant the sanction of default judgment, court must be satisfied that "the penalized party's discovery violation [is] willful[;]" ... and, second, it must be the case that "a lesser sanction would not substantially achieve the desired deterrent effect"), it is likewise unpersuaded that Ogletree's communication difficulties with his client constitute substantial justification for his failure to comply with the deadlines set forth in the court's July 6 order.  Therefore, in accordance with Rule 37(b), the undersigned recommends that Plaintiff's motion be granted to the extent that it should be awarded its attorneys' fees and expenses incurred in connection with the motion to strike.   In order to effectuate the undersigned's recommendation, on or before November 29, 2010, Plaintiff's counsel shall file an affidavit supporting the request for attorneys' fees.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed.  R.  Civ.  P.  72(b)(as amended, effective December 1, 2009).

RESPECTFULLY SUBMITTED this the 19th   day of November, 2010.


/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

.